UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

MELL BROWN                                        CIVIL ACTION NO. 24-cv-1770

VERSUS                                            JUDGE S. MAURICE HICKS, JR.

LIU WEN ET AL                                     MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Mell Brown ("Plaintiff"), who is self-represented, filed this civil action against three defendants based on allegations that defendant Dr. Liu Wen prescribed a blood pressure medicine, Losartan, which caused Plaintiff serious side effects. Plaintiff alleged that she later learned that Losartan "was on recall for causing damage to those were taking it." Plaintiff named as defendants Dr. Liu Wen, Walgreens Co., and Jill Bosch.

The court issued an order that reminded Plaintiff of her obligation to timely serve the complaint. Plaintiff has now filed a letter that was docketed as a **Motion to Amend Complaint and for Marshal to Serve Documents (Doc. 7)**. Plaintiff wrote in the letter that she would like to add Milan Kawawadia and Dr. Reddy's Laboratories "to my case to which I believe produce and sell Losartan and may have shipped product to Walgreens" on Greenwood Road. Plaintiff did not provide a proposed amended complaint, and she did not set forth a short and plain statement of a plausible claim against the proposed new defendants, as is required by the Federal Rules of Civil Procedure. Accordingly, the motion is **denied to the extent Plaintiff seeks to add new defendants**.

Plaintiff also asks that the marshal serve her summons documents to the defendants. That request is also **denied**, but it will be reconsidered if Plaintiff can establish that the court has jurisdiction over her claims.

Federal courts have limited jurisdiction to hear only certain kinds of cases, and the burden is on the person who brings the suit to federal court to show that jurisdiction exists. Plaintiff's complaint alleges claims of negligence or medical malpractice, which are based on state law. A federal court may hear state law claims only in limited circumstances, such as when the plaintiff is a citizen of a different state than all of the defendants and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332.

Plaintiff lists a Shreveport address, so presumably she is a citizen of Louisiana. Her complaint does not allege the citizenship of any of the three named defendants, but there is a significant likelihood that one or both of the individual defendants are also citizens of Louisiana.

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the grounds for the court's jurisdiction." Plaintiff will be allowed until **March 21, 2025** to file an amended complaint that sets forth the basis for federal court jurisdiction. If she relies on diversity jurisdiction under 28 U.S.C. 1332, she must (1) allege that the amount in controversy exceeds $75,000 and (2) allege the citizenship of each party. For an individual, that is the state in which they are domiciled. For a corporation, it is (1) the state in which it was incorporated and (2) the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1).

If any defendant shares Plaintiff's Louisiana citizenship, then the court will lack diversity jurisdiction. If that is the case, then the court will have to dismiss this civil action, and Plaintiff likely should have pursued her claims in a state court. The court will review the record after the deadline to comply with this order and assess whether Plaintiff has met her burden of establishing a basis for federal court jurisdiction. Plaintiff may also elect to notify the court in writing that she wishes to dismiss this federal action without prejudice so that she may pursue her claims in a state court.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 6th day of March, 2025.

_____
Mark L. Hornsby
U.S. Magistrate Judge